Roy C. WILLIAMS, Plaintiff-Appellant Cross Appellee,

v.

BRASEA, INC., and VESSEL CIAP-ESC I, her engines, etc., Defendant-Appellee Cross Appellant,

Bender Welding & Machine Co., Inc., Defendant-Appellee Cross-Appellant,

Construction Machinery Company, Defendant-Appellee Cross Appellant.

No. 72–3623.

United States Court of Appeals, Fifth Circuit.

May 23, 1975.

M. W. Meridith, Jr., Corpus Christi, Tex., for Construction Machinery Co.

John M. O'Quinn, Houston, Tex., for Texas Trial Lawyers Ass'n, amicus curiae, on rehearing en banc.

William K. Altman, Wichita Falls, Tex., amicus curiae, on rehearing en banc.

C. D. Kennedy, William M. Jensen, Houston, Tex., Jack G. Carinhas, Jr., Brownsville, Tex., for Brasea.

A. J. Watkins, Bill R. Bludworth, Houston, Tex., for Bender.

William R. Edwards, Corpus Christi, Tex., W. A. Cleveland, Jr., Jacksonville, Fla., for Williams.

ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

(Opinion July 5, 1974, 5 Cir. 1974, 497 F.2d 67)

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM:

The Petition for Rehearing filed on behalf of Roy C. Williams is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

The Petition for Rehearing filed on behalf of Brasea, Inc. is denied and no member of this panel nor Judge in regu-

lar active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

We have given thorough consideration to the petitions for rehearing and for rehearing en banc, as well as to the several briefs, including briefs by *amici curiae,* received in support of or in opposition thereto, before reaching our decision to deny the petitions.

We direct two slight changes in the panel opinion, Williams v. Brasea, Inc., 5 Cir. 1974, 497 F.2d 67.

Perceiving that our disposition of the cross-appeals (1) of Bender, Part IV of the panel opinion, 497 F.2d at 77–79, and (2) of CMC, Part V of the panel opinion, 497 F.2d at 79—holding that neither of said parties could be held liable under a theory of products liability—dissipated completely any basis for assessing damages *in rem* against the shrimp trawler CIAPESC I, we withdraw and recede from the following designated portions of the panel opinion:

(a) The statement appearing at page 75 of 497 F.2d:

"Finally, Williams alleges that the district court erred by failing to enter judgment *in rem* against CIAPESC I despite the fact that the vessel was found to be unseaworthy. The point is well taken. The lower court specifically found the CIAPESC I unseaworthy, App. at 1754, and that finding is

not challenged on appeal by Brasea either on brief or at oral argument. The district court on remand should make the appropriate modification on its final order."

(b) That portion of the "VI CONCLUSION" section of the opinion, appearing at page 80 of 497 F.2d:

"(2) the district court is ordered to assess liability *in rem* as to the vessel CIAPESC I."

In lieu of (a) above the following language is substituted:

"Finally, Williams alleges that the district court erred by failing to enter judgment *in rem* against CIAPESC I despite the fact that the vessel was found to be unseaworthy. The point would be well taken if the underpinning for the finding of unseaworthiness was sustained against the cross-appeals of Bender and CMC, either or both. The basis for the unseaworthiness finding by the district court was in fact its findings[1] that Bender and CMC provided the vessel CIAPESC I with equipment which was 'unreasonably dangerous', 'defective' and 'not reasonably suited for the purpose for which it was intended.' The district court's opinion further held 'The faults of Bender and CMC, as heretofore outlined, are the same faults which caused Defendant, Brasea, Inc., to afford to Plaintiff an unseaworthy vessel.' (App. p. 1760)

"Our disposition reversing the district court as to the cross-appeals of

---

[1] "Therefore, the Court finds that the failure on the part of CMC to provide an adequate braking mechanism for the port cathead rendered the same defective and unreasonably dangerous to persons situated as was plaintiff, and, therefore, it was not reasonably suited for the purpose for which it was intended; and, further, that the absence of an adequate brake was a producing cause of injuries to plaintiff." (App. p. 1750)

"Therefore, the Court finds the placement of the snatch-block frame by Bender was such as to make the vessel, and particularly the area in front of and near the winch, unreasonably dangerous to users thereof, and thus it was not reasonably suited for the purpose for which it was intended; and such installation

was a producing cause of the incident in which plaintiff was seriously injured." (App. p. 1751)

"Bender installed on the vessel, engine and power take off equipment which operated the winch, constructed a snatch-block frame which was above the winch and installed a rod with a handle on it which was part of the engine and power take off equipment." (App. p. 1744)

"No substantial change had occurred or modifications made in said winch, the port cathead, or the machinery related to the operation of the cathead, or in the snatch-block frame from the date of delivery of the vessel to Brasea until the time plaintiff suffered said injuries." (App. p. 1745).

Bender and CMC, Parts IV and V of this opinion, *infra,* eliminates any basis for holding CIAPESC I liable *in rem.* The point is rendered moot."

With respect to (b) above the remaining numbered portions under "VI CONCLUSION" of the opinion, i. e. (3), (4), (5) and (6) are renumbered respectively (2), (3), (4) and (5).

The costs of this appeal are directed to be assessed one-half against the plaintiff-appellant-cross-appellee, Roy C. Williams, and one-half against the defendant-appellee-cross-appellant, Brasea, Inc.