**Albert F. LECKELT, Plaintiff-Appellee,**

v.

**SUPERIOR OIL COMPANY et al.,
Defendants-Third-Party
Plaintiffs-Appellants,**

**Lafco, Inc., Third-Party
Defendant-Appellee.**

No. 79–1636
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1979.

James E. Diaz, Lafayette, La., for Superior Oil Co. et al.

V. Farley Sonnier, Lafayette, La., for Lafco, Inc.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

PER CURIAM:

Albert Leckelt was employed as a pumper by the Superior Oil Company (hereinafter referred to as "Superior"). His job required travel by water to various wells. To accomplish this, he employed a 24-foot vessel commonly used in the industry for this purpose. The distinguishing feature of this and other "pumper gauger" boats is that the forward bulkhead slopes away from the front deck at an angle of approximately 120 degrees. A hatch door is located in its center and hinged on the starboard side. The door opens outward to an angle of about 90 degrees, at which point it may be secured to a handrail which protrudes onto the front deck. Because of this design, when the door is opened and secured, the forward corner of the door is from eighteen inches to two feet above the deck.

On April 14, 1976, as Leckelt was approaching a well, he crawled near the corner of the door in order to tie his boat to the dock. The boat bumped into the dock platform, causing him to bounce back against the pointed edge of the door. He crawled along the bow near the hatch door because he was suffering from a previous back injury, which made it difficult for him to bend his body.

Leckelt filed suit in the United States District Court for the Western District of Louisiana against Superior, the appellant, claiming negligence and unseaworthiness. The action was predicated on the Jones Act, 46 U.S.C.A. § 688 and general maritime law. Superior filed a third-party action against Lafco, Inc., the appellee, who manu-

factured the boat, on the ground that, if the boat were defective, Superior was entitled to indemnity. Leckelt then amended his complaint to add Lafco as a defendant.

Superior settled with Leckelt and proceeded to trial on its third party action against Lafco. Superior and Lafco stipulated that the settlement amount was reasonable, but Lafco reserved the right to claim that Superior was not liable to Leckelt and that the vessel was seaworthy.

After a bench trial, the district court found that the boat was not defectively designed and that the sole and proximate cause of the injury was the fact that Superior employed a man with a known pre-existing back condition which made him unfit to perform his work without additional help.

On appeal, Superior urges that an owner of a vessel, whose settlement with the plaintiff is stipulated by the vessel manufacturer as being reasonable, need only prove its own potential liability to the plaintiff and an indemnitor-indemnitee relationship with the vessel manufacturer in order to prevail on a third-party claim against the manufacturer. This contention is without merit.

Superior relies on *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir. 1973), *cert. denied*, 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974).[1] In *Parfait*, we said that, as between a vessel owner and a shore based contractor who goes aboard the vessel to perform service for the ship's benefit, a "'determination of whether contractual in-

---

1. In *Parfait*, we followed the *Ryan* doctrine. *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). In *Ryan*, the Court held that a stevedore's contractual obligation to stow the cargo with reasonable safety amounted to a warranty of workmanlike performance upon which a shipowner, liable for injuries to a longshoreman caused by improperly stowed cargo, could sue the stevedore for indemnity. Both *Ryan* and *Parfait* were suits brought under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The 1972 amendments to that Act have abrogated the Ryan doctrine as it applies to longshoremen. 33 U.S.C.A. § 905(b), 1972 U.S.Code

Cong. & Admin.News pp. 4698, at 4701–05, 4719. This case, as noted earlier, is brought under the Jones Act, 46 U.S.C.A. § 688. For the purpose of argument, we accept, as did the district court, the applicability of Ryan and Parfait to this suit. See, *Thibodeaux v. Texas Eastern Transmission Corp.*, 548 F.2d 581, 583–85 (5th Cir. 1977); *Fairmont Shipping Corp. v. Chevron International Oil Co.*, 511 F.2d 1252, 1257–58 & n. 10 (2nd Cir. 1975), cert. denied, 423 U.S. 838, 96 S.Ct. 66, 46 L.Ed.2d 57 (1975); *Grigsby v. Coastal Marine Service of Texas, Inc.*, 412 F.2d 1011, 1040–41 (5th Cir. 1969), cert. dismissed, 396 U.S. 1033, 90 S.Ct. 612, 24 L.Ed.2d 531 (1970).

**594**

demnity should be allowed involves a weighing process evaluating the conduct of both parties to determine (1) whether the WWLP [warranty of workmanlike performance] was breached; (2) whether that breach proximately caused the injury; and (3) whether the shipowner's conduct prevented the workmanlike performance.' " *Parfait, supra,* at 302, *quoting, Garner v. Cities Service Tankers Corp.,* 456 F.2d 476, 481 (5th Cir. 1972).

■ The trial court carefully weighed the expert testimony concerning the design of the hatch door, and, assuming *arguendo* that *Ryan*[2] and *Parfait* govern this case, held that Lafco did not breach any duty of workmanlike performance. There was ample testimony at trial to support this conclusion and, thus, we cannot say that the trial court's decision on this question was clearly erroneous.

■ The same conclusion may be reached by looking at the issue from another perspective. The district court found that the sole proximate cause of the accident was Superior's negligence. We find that this, too, is supported by the record. Leckelt injured his lower back in 1964 while employed by the appellant. Those associated with him, including Superior's environmental and safety supervisor, knew of his back problem. In fact, his disability resulting from that injury was the cause of his transfer to the lighter boat duty. A determination that the sole proximate cause of Leckelt's injury was Superior's negligence precludes consideration of the *Ryan* indemnity rule. *Williams v. Brasea, Inc.,* 497 F.2d 67, 75–76 (1974), *modified,* 513 F.2d 301 (5th Cir. 1975), *cert. denied,* 423 U.S. 906, 96 S.Ct. 207, 46 L.Ed.2d 136 (1975).

AFFIRMED.